# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 12, 2023

Lyle W. Cayce
Clerk

No. 22-40593

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Kenneth Brandon Chasteen,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:20-CR-164-1

_____

Before Smith, Southwick, and Higginson, *Circuit Judges*.

Per Curiam:[*]

After midnight on June 26, 2020, officers witnessed Kenneth Chasteen driving erratically and speeding. They followed him to a convenience store and initiated a *Terry* stop in the parking lot. *See Terry v. Ohio*, 392 U.S. 1 (1968). There, they saw a firearm in plain view in his vehicle and, after running his license, learned he was a convicted felon.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40593

Chasteen was arrested and charged under 18 U.S.C. § 922(g)(1). He moved to suppress all evidence related to the *Terry* stop. The district court denied his motion and stated that the *Terry* stop was justified because the officers had reasonable suspicion he committed the crime of Driving While Intoxicated (DWI). Chasteen submitted a motion for reconsideration, which the district court denied, stating that its "decision remains unchanged." The district court added that the *Terry* stop was also justified because the officers had reasonable suspicion of speeding. After a bench trial, Chasteen was convicted and sentenced to 51 months imprisonment.

Chasteen raises only one issue on appeal,[1] namely, whether the district court erred in finding that the officers had reasonable suspicion of DWI. He grants that the officers had reasonable suspicion of speeding and that the district court found as much in its denial of reconsideration. However, he argues that our court should nonetheless remand to the district court to make that finding in the first instance because its original denial of the suppression motion made no finding as to speeding. He emphasizes that the denial of the reconsideration motion said its original "decision remains unchanged."

Chasteen overreads that single line from the denial of reconsideration. Even assuming, *arguendo*, that the officers lacked reasonable suspicion of DWI, we see no reason to remand for the district court to repeat its finding, which Chasteen has conceded, that the officers had reasonable suspicion to initiate the *Terry* stop because Chasteen was speeding.

AFFIRMED.

---

[1] We do not consider the possibility that Chasteen's challenge to the district court's denial of his suppression motion was not preserved due to stipulations he made as part of his bench trial after the district court denied his unopposed Rule 11(a)(2) conditional guilty plea. Based on our holistic review of the record, "we are convinced that [Chasteen] reserved the right to appeal the district court's denial of his motion to suppress." *United States v. Aguilar*, 973 F.3d 445, 448 (5th Cir. 2020).